Next case on today's agenda is the case of People's State of Illinois v. Marvin Burries And we have Ms. Megan Hines, part of the appellant, and Ms. McNeil for the attorney You may proceed, Ms. Hines Can I please support? Yes Okay Before we begin, I was just advised that there is a motion beside additional authority here that was filed yesterday, I guess And we are going to allow that You may proceed May it please the court, my name is Maggie Hines and I represent the petitioner, Mr. Marvin Burries This is his appeal from a first stage post-conviction petition, which was dismissed In the brief, we have two issues, but it's hard for you to read on the second issue, which had to do with credit So I'll only be arguing the first issue Mr. Burries was originally arrested on a three count complaint, but the grand jury returned a true bill on only count one Mr. Burries was subsequently convicted after a negotiated guilty plea and no direct appeal was filed He then filed a pro se post-conviction petition, which he alleged ineffective assistance of counsel, a lack of DNA evidence showing actual innocence And that he was not competent and did not understand the proceedings of the trial court Now the trial court dismissed this petition because there were no specific allegations of how counsel was ineffective There were no factual allegations as to innocence And according to the court, there was an absence of record facts to support the claim of incompetence The court did not specifically consider the possibility that the plea itself was unsound due to the allegation that Mr. Burries did not understand the proceedings of the court Now the problem in this case is just that the trial court, through a spontaneous dismissal, was premature It came too early At the first stage of post-conviction proceedings, indigent petitioners are pro se Like Mr. Burries, many of them have a history of serious mental illness They have learning disabilities And because of this, the Supreme Court has set the feeding standard at a very low level at this first stage Any factual allegations are to be liberally construed And petitioners may only state the gist of a constitutional claim This means they don't have to plead sufficient facts for the legal claim They don't have to come up with the right legal theory Just the gist of a constitutional claim if you liberally construe the facts that they allege If even one claim is able to meet this low standard, then the petition goes to the second stage where the state can move to dismiss They can answer the allegations with details from the record And the defendant's going to have an attorney who can help them shape these claims into the proper legal form Now on appeal, we've only pursued Mr. Burries' third claim The claim that he didn't understand the proceedings in court Now around the time of the guilty plea hearing, Mr. Burries had an IQ of 56 And he was functioning at the level of a 9-year-old He had serious memory issues And while he was initially found unfit, he was found fit only with the help of psychotropic medications In the actual fitness report that finds him fit to proceed Mr. Burries apparently described the role of the judge as sentencing in a bench trial Which of course is incomplete In a bench trial, the judge is also responsible for the finding of guilt Mr. Burries described plea bargaining as making a deal for a lesser charge Which is not always the case and was not the case in this guilty plea Where it was to the actual charge It was to the same charge that the indictment was returned on The examiner in the fitness report noted that Mr. Burries would occasionally give the wrong answers When he would get anxious But he could give the quote-unquote right answers with prompting and reassurance And Mr. Burries told the examiner that when you plead not guilty You're saying that you did not do it and you go to a jury trial And at the plea hearing, Mr. Burries was giving one- and two-word answers In response to very long admonishments Despite the fact that even when found fit, he had serious limitations He was never asked to give more than these one- or two-word answers He was never asked to describe anything in his own words And most notably, I think for this case When he was asked how do you plead, he answered not guilty This is exactly what he told the fitness examiner that he was planning to do There was an off-the-record conversation where Mr. Burries conferred with his attorney On the record, the attorney then asked the judge, ask him again This time, Mr. Burries gave the quote-unquote right answer and he answered guilty He then concluded with the one- and two-word answers until the end of the hearing Now in almost all guilty plea cases, these admonishments Which come from Rule 402 and Boynton v. Alabama These will be enough to provide a claim that I didn't understand the court proceedings in my guilty plea But this case is unusual because we have Mr. Burries With documented difficulty understanding, which is in the record And we have Mr. Burries getting the key question wrong  We then have an off-the-record conversation Which convinces him to change his answer from not guilty to guilty And the problem for this court is that we don't know what happened During that off-the-record conversation Was his attorney telling him, oh no, the right answer is guilty Or was his attorney breaking this down in simpler terms We don't know if Mr. Burries actually understood the consequences Of this change of one word, which had incredibly significant consequences It was the difference between going to trial, having all of your trial rights And pleading guilty and going straight to prison It's important that when you have a guilty plea proceeding Understanding is paramount At this early stage of the post-conviction process We're simply saying that someone who functions at the level of a nine-year-old Saying I didn't understand the proceedings that got me here Is enough to say that there's the gist of a constitutional issue And in this case, the record can't rebut it clearly Mr. Burries is not suggesting that he has proven He will always be incapable of pleading guilty And he's not suggesting that the current record definitively shows That he didn't understand what he was doing He is simply saying that he has met the low pleading threshold For a first-stage post-conviction petition Particularly where liberal pleading is expected He's urging this court to do what Hodges advised Which is to take a lenient eye, even with borderline cases And to let this proceed to the second stage So that he can have an attorney who can talk about his petition Talk about the facts underlying it And help him shape it up and decide whether and how to proceed There are no questions? Thank you. You have the opportunity to rebut Mr. McNeil? May I please support? I'm Luke McNeil from the Appellate Prosecutor's Office Counsel? First, the record makes clear that the issues raised In the defendant's post-conviction petition Could have been raised on direct appeal and weren't And the defendant provided absolutely no reason Why they weren't raised on direct appeal Therefore, they're clearly forfeited by procedural default In the reply brief, the defendant seems to argue That the state's position is that because he didn't file A direct appeal at all, then all issues are therefore Forfeited per se In a post-conviction matter, that's of course not the state's position And that's not the law, that's contrary to the law The motion to cite additional authority is just for the simple Well-accepted principle in People v. Harris That a post-conviction proceeding is not a substitute For a direct appeal, nor is it a second direct appeal It's a vehicle for asserting constitutional claims That could not be raised on direct appeal Defendant's issues here aren't forfeited because he didn't Raise a direct appeal at all Defendant's issues are forfeited because he could have raised These on direct appeal and failed to do so And he provided absolutely no reason why If there were additional facts maybe alleged In this post-conviction petition Or if there were affidavits attached Or some study or something like that Then maybe there could be an argument that he couldn't have Raised this on direct appeal However, there was absolutely nothing attached to this Post-conviction petition Of course, it was only three sentences long Each argument was simply one sentence This is clearly not sufficient to preserve the issue In light of no direct appeal Let's take your argument a step further I think the IQ of 45 to 56 Indicates about a nine-year-old Let's lower that, let's make it a five-year-old Now, what's your argument about that? My argument as far as the You're talking about the fitness of the defendant No, about the waiver of The idea that it could have been raised on direct appeal What if this five-year-old brain power Didn't raise it on direct appeal? What do you say, is your argument still whole? That it should have been raised on direct appeal? The five-year-old should have said The trial court's duty is not to File a post-conviction petition They just argued that But you're saying, my question is At what point That it should have been raised on direct appeal And was not Because it wasn't brought up by the defendant Count What, you know, what in your age group A nine-year-old is too old, do you think? They should have brought it up Assuming that that's correct It's hard to answer, again, I don't It's hard for a trial court to Put on its medical professional hat And determine the IQ of every No, no, let's assume that that is What evidence we have I would, I wouldn't want to be pinned down to So you don't know of any age But nine is old enough, if that is correct The post-conviction statute The post-conviction act doesn't require Have any age requirements or anything like that Okay Or mental requirements of any kind Not, I mean, of course There is, there is the Or on psychotropic drugs of any kind Counsel is correct that It can be a crude It can be a crude allegation It can be a crude issue Raised by a defendant In a post-conviction petition But it has to be It has to allege some facts It has to allege Some law Here, this was Three sentences And There clearly, there was nothing For the trial court to even Hold on to As far as Determining the What the issues even were I thought the issues were determined Unable to Defendant, the argument Did nothing Well, in effect I think the ineffective assistance of counsel argument was Defendant received ineffective assistance of counsel And had no Arguments No No argument That was the argument That one sentence was the argument The one in dispute here was Here's the full argument Defendant was incompetent And did not understand the proceeding in court Okay He doesn't even mention He doesn't mention What exact proceeding he's talking about He doesn't mention How he was incompetent Again, the last thing the trial court knows Is that he was found fit to stand trial It was true that he Was prior found unfit However, the latest Evaluation defendant had It was determined that he was fit to stand trial He recited I mean, he might not get the exact Legal definition of a plea Of a plea negotiation He didn't recite that back to the Medical evaluator But he grasped His answers Definitely show that he had a firm grasp Of the basic terms Of what goes on in the courtroom I don't think you can ask much more Out of any defendant So clearly And of course, this medical professional Who did the latest evaluation Was in a much superior position To evaluate A defendant's fitness than this trial court At this I'm guiltily hearing you are at the post-conviction Proceedings And what he had to work with was A mental IQ quotient Of 45 to 56 Coupled with Two different psychotropic drugs And that made him sufficient to stand trial Correct That was the finding, okay Yes The report noted the defendant was able to describe The function of a judge, state's attorney, defense attorney Jury trial and witness He did describe a plea bargain As making a deal for a lesser charge That sounds like a pretty common Definition for Someone to have For what a plea bargain is So clearly this issue was procedurally defaulted The trial court didn't mention procedural default Of course, it's well settled this court can Affirm a post-conviction dismissal for any reason Supported by the record Moving on, assuming it's not procedurally Defaulted, the trial court Dismissed it for Two correct reasons, one is that It was clearly vague and conclusory, it's literally Each argument was one sentence And if that one sentence was a conclusion There was no allegations Of facts, there were no attached affidavits As counsel said It would have been nice, I guess To know if counsel And defendant said something In that time, however there was no attached affidavit To even speculate As to what counsel and defendant Talked about it on that conversation off the record Of course this was a Fully negotiated plea agreement Both parties stated That at the beginning of this plea hearing So it wasn't like defendant was being blindsided By some open plea Or he was on the fence about whether he wanted to Plead guilty and he knew he was going to get 15 years This was not a Situation where defendant was blindsided As for the One wrong question He did state, would you plead guilty or not guilty Defendant initially stated guilty Or not guilty Just did it myself It's a reflexive comment clearly When reading it in context This negotiation, this plea agreement was fully negotiated This wasn't This wasn't a bombshell where defendant Had to choose between pleading guilty and not guilty He reflexively Said the wrong thing After a moment Talking to his counsel He stated, asking again He stated guilty and then he reassured the court That he was pleading guilty He got all the proper admonishments from the trial court And he indicated that he understood these admonishments Just like Just like hundreds of trial records I've read before It's almost always a one answer One word answer to Whether somebody understands and agrees With the admonishments they get This case was no different Defendant was slow in this case However That's sort of the red herring As the last medical professional evaluation He got Stated he was fit So this was vaguely conclusory Also contradicted by the record As I just explained There was a Proper Proper admonishments by the trial court Defendant understood these admonishments He knew he was going to plead guilty He Stated twice to the trial court That he wanted to plead guilty And this argument was Contradicted by the record which of course makes it Frivolous and patently without merit Especially when you consider again the whole argument Where the defendant was incompetent and did not understand The proceeding in court Clearly the record demonstrates Without any other effect The facts alleged by the defendant Clearly the record demonstrates That this argument was contradicted by the proper Admonishments that the trial court Gave the defendant So there's three reasons for Upholding the deferment here Procedural default Vague and conclusory argument Not without any basis In fact over law And the fact that it was contradicted by the record And if there are no more Questions I would ask the court to affirm Thank you Ms. Hines, do you have rebuttal? So first I'd like to say a little bit About this idea of procedural default According to the state This is defaulted because it could have been raised In a direct appeal even though no direct appeal Was taken And the case law, including Illinois Supreme Court case law Just rejects that argument If there is no direct appeal Filed, the defendant can pursue Constitutional errors Through the Post-conviction hearing act That's particularly true when you have a guilty plea Because you can lose your direct appeal Rights pretty easily by filing The wrong 604D motion And it's in People v. Rose Where the Supreme Court first talks about The fact that Post-conviction hearing act is going to allow you To reach constitutional errors It just won't allow you to reach mere trial errors In People v. Flowers The Supreme Court remarked on the fact That the post-conviction hearing act is the only way To reach questions of the voluntariness of your plea If you don't file a 604D motion And I think most importantly This court in People v. Tripp Dealt with the guilty plea Where the error Was a true admonishment error With someone who had no comprehension issues But was simply not told The correct mandatory minimum sentence So that's pure On the record 402 admonishment error You don't need any additional off the record facts And this court said I think relying on Rose and Flowers The law is well settled The defendant does not waive the right To pursue a remedy to constitutional error By failing to take a direct appeal At the end of the day That's what the state is arguing I also think notably this is not a case Where this issue is completely On the record I think a lot of the questions from this case Come out of the fact that we have these Off the record conversations Between an attorney and his client Who is very slow And those are leading to a change In the most significant answer In a guilty plea hearing Without knowing what happened in those conversations On direct appeal You couldn't say definitively that he didn't know And right now we can't say definitively All we can say is there's this open question It's an allegation of a constitutional error And that's why it needs to proceed Through the second stage Now the state is pointing out That the post-conviction petition Consisted of three sentences And the ineffective assistance claim Was conclusory and threadbare But counsel suggested That there need to be factual allegations And legal and some Allegation of law Law is not required from a pro se petitioner And that is specifically because of cases like this You have someone functioning At the nine-year-old level Who went through the proceeding of a guilty plea hearing Those are highly technical proceedings We have the acknowledgments there To make sure not that the questions Are answered right But that the defendant standing in front of the judge Actually understands what it is That they're saying yes to And in this case I don't think we have that And the factual allegation we have is I don't understand the court proceedings Now in most cases That's not enough to get you anywhere But in a guilty plea I think that should lead you to look at the Admonishments and when you do that in this case You see that there was confusion And confusion that was being corrected Off the record And it's because of that reason that we need to go to the second stage To have an attorney actually speak with him Help him figure out how to shape this claim up And let this go to second stage Where the state can file their motion to dismiss In most cases one word answers Are routine and they're sufficient But in the case of someone with severe Intellectual disabilities that's not always Enough and when you have that person Answering wrong to the most significant question It's certainly not enough There should have been something put on the record In order for this to be completely rebutted But as that's not the case We're asking simply that this court Remand and let this go to the second stage Where an attorney can be appointed to Mr. Burry If there are no questions I think so Thank you Thank you both For your briefs and arguments We'll take the matter under Dispatch